IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL DEWAYNE WHALEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:21-cv-01690-E (BT) |
| | § | |
| UNITED STATES DISTRICT COURT | § | |
| FOR THE NORTHERN DISTRICT | § | |
| OF TEXAS, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Michael Dewayne Whaley, a former state prisoner, filed a *pro se* civil rights action under 42 U.S.C. § 1983.[1] However, the Court construes Whaley's court filings as an attack on his state convictions and/or sentences under 28 U.S.C. § 2254. For the following reasons, the Court should transfer Whaley's petition to the Fifth Circuit Court of Appeals as successive and impose sanctions.

## Background

On July 21, 2021, the Court received Whaley's original submission, which he filed on the court-approved form for a complaint for violations of a prisoner's civil rights. Compl. (ECF No. 3). Whaley named as defendants the United States District Court for the Northern District of Texas, Dallas Division; the Fifth Circuit Court of

---

[1] Whaley is no longer incarcerated at the Texas Department of Criminal Justice (TDCJ). *See* https://inmate.tdcj.texas.gov/InmateSearch/start (last visited Aug. 26, 2021).

1

Appeals; the Eleventh District Court of Appeals; and the 282nd District Court of Dallas, Texas. *Id.* 2-3. As the basis for his lawsuit, Whaley states that he pleaded guilty, but there is "no evidence" to support the conviction, and the Eleventh District Court of Appeals reversed his convictions in Case Numbers 92-36477 and 93-01488. *Id.* 5. Therefore, he contends "relief should be granted, the judgment vacated, and a judgment of acquittal rendered." *Id.* Also, under the relief sought section of the form, he states, "[r]elating to compensation of person[s] wrongful [sic] imprisoned[.]" *Id.*

On July 23, 2021, the Court sent Whaley a Notice of Deficiency and Order (ECF No. 4), which ordered him to comply with Federal Rule of Civil Procedure 8(a) and pay the filing fee or file a motion to proceed *in forma pauperis*. On July 29, 2021, the Court received Whaley's amended submission. Am. Compl. (ECF No. 5). In it, he names the "trial officials" for the 282nd Judicial District Court, the Court of Criminal Appeals, the Texas Department of Pardons and Paroles, and the United States District Court for the Northern District of Texas as defendants. *Id.* 3. He alleges the trial officials of the 282nd Judicial District Court, the Court of Criminal Appeals, and the Texas Department of Pardons and Paroles "violated: art. 1.15 of V.A.C.C.P." *Id.* 3. Whaley also refers to the Eleventh District Court of Appeals, and he cites to "Fed. Rule of App. Proc. 4(a)(1)(A)." *Id.* 4. He states, "Preponderance of Evidence: 28 U.S.C. § 2107(a)." *Id.* Finally, under the relief sought section of the form, he states "Activate: House Bill (H.B. 498) (McClendon);

2

House Bill (H.B. 3226) (Madden); House Bill (H.B. 1736) (Anchia – and – Jones)." *Id.*

## Legal Standard

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus. An inmate's challenge to the circumstances of his confinement, however, may be brought under [42 U.S.C.] § 1983." *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (internal quotation marks and citations omitted). When a prisoner brings "both habeas and § 1983 claims," the court must "'separate the claims and decide the § 1983 claims.'" *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam)). "[Section] 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures," while "[a] habeas petition . . . is the proper vehicle to seek release from custody." *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997); *see also Whitfield v. Bd. of Pardons & Paroles*, 2011 WL 5986013, at *2 (N.D. Tex. Sept. 14, 2011) ("A prisoner cannot challenge the fact or duration of confinement in a § 1983 action.") (citing *Clarke v. Stadler*, 154 F.3d 186, 189 (5th Cir. 1998)), *rep. and rec. adopted* 2011 WL 5980038 (N.D. Tex. Nov. 30, 2011); *Lewis v. Meier*, 2002 WL 31156668, at *2 (N.D. Tex. Sept. 24, 2002) (finding that plaintiff's request for release from jail was "an inappropriate remedy in an action brought pursuant to 42 U.S.C. § 1983")).

## Analysis

Considering the parties Whaley has named as defendants—various state and federal courts and the Texas Department of Pardons and Paroles—and the allegations contained in his court filings, it appears Whaley is attacking his state convictions and/or sentences. The Court will therefore construe Whaley's pleadings as an attack on his state convictions and/or sentences filed under 28 U.S.C. § 2254.

### A. Successive Petition[2]

In 1993, Whaley was convicted of two aggravated robberies, engaging in organized criminal activity, and aggravated assault. *See Whaley v. State*, No. 05-13-00077-CR, 2013 WL 309150, at *1 (Tex. App. Jan. 25, 2013). He was sentenced to ten years' imprisonment for the aggravated assault conviction and forty years' imprisonment on the remaining convictions. (*Id.*) The judgments were affirmed on appeal. *See Whaley v. State*, Numbers 11-93-127-CR, 11-93-128-CR, 11-93-129-CR, 11-93-130-CR (Tex. App. – Eastland Dec. 9, 1993)). Whaley then challenged his convictions in a federal habeas petition under § 2254, but the petition was dismissed as untimely on October 27, 1999. *See Whaley v. Johnson*, Case Number 3:97-CV-2760-D (N.D. Tex. Sep. 24, 1999)).

---

[2] Whaley has filed numerous actions in this Court, and the actions and pleadings identified herein merely serve as a representation of his many actions and provide support for this Court's recommendation to impose additional sanctions.

On April 28, 2011, the Fifth Circuit Court of Appeals sanctioned Whaley in the amount of $150.00 and barred him from filing any challenge to his conviction or sentence until the sanction had been paid in full, unless he first obtained leave of court in which he sought to file such challenge. *See In re Whaley*, Case Number 11-10180 (5th Cir.)).

Whaley also filed several post-judgment motions, which were received on January 11, 2018. *See Whaley v. Court of Criminal Appeals of Texas, et al.*, Case Number 3:18-CV-2392-C (BH) (ECF No. 15 at 2). One of the motions expressly challenged Whaley's state confinement, and the court construed it as a petition for a writ of habeas corpus under § 2254. (*Id.*) On October 30, 2018, the Fifth Circuit informed this Court that Whaley had satisfied the $150.00 sanction in Case Number 11-10180. (*Id.* at 2-3.)  Accordingly, the Court reopened Whaley's habeas case transferred it to the Fifth Circuit as a successive petition on November 20, 2018. (*Id.* at 3).  On January 28, 2019, the Fifth Circuit denied Whaley leave to file a successive § 2254 petition, sanctioned him in the amount of $300.00, and barred him from filing any further challenges to his convictions or sentences until he paid the sanction in full, unless he first obtained leave of court. (*Id.*) Thereafter, Whaley paid the $300.00 sanction imposed by the Fifth Circuit on January 28, 2019. (*Id.*)

On October 4, 2019, the Court received a motion from Whaley, which it construed as a second or successive § 2254 petition, opened a new habeas case, and transferred the petition to the Fifth Circuit. (*Id.* at 4) (citing Case Number 3:19-CV-2392-C). On December 3, 2019, the Fifth Circuit denied Whaley authorization

to file a successive § 2254 petition, again sanctioned him in the amount of $300.00, and warned him that future frivolous, repetitive, or otherwise abusive filings would subject him to additional and progressively more severe sanctions. (*Id.*)

On December 16, 2019, the Court received yet another motion from Whaley in which he claimed that the Court erred in construing his earlier motion as a successive § 2254 petition and transferring it to the Fifth Circuit. (*Id.*) Among other things, he asked this Court to remove the Fifth Circuit's $300.00 sanction. (*Id.*) The Court construed the motion as filed under Federal Rule of Civil Procedure 60(b) and denied it on August 24, 2020. (*Id.* at 5.) Finally, on October 8, 2020, the Fifth Circuit sanctioned Whaley in the amount of $450.00. Whaley paid the $450.00 sanction on March 5, 2021.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). To raise a claim in a second or successive § 2254 petition, a prisoner must show: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner files a successive petition in the District Court, a

three-judge panel of the Fifth Circuit must determine whether he makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

A petition is deemed successive when it raises a claim that was or could have been raised in an earlier petition, or otherwise is an abuse of writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008). However, a second petition is not successive when the first petition was dismissed due to prematurity or for lack of exhaustion. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998). This is so because "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id*. at 645.

Although Whaley's claims are not precisely stated, it is clear from the arguments raised that they could have been raised in his initial petition. As discussed, Whaley challenged his state convictions in his first federal habeas petition filed under § 2254, and his petition was dismissed as untimely on October 27, 1999. (*Johnson*, 3:97-CV-2760-D.) The Fifth Circuit has not issued an order authorizing this Court to consider Whaley's successive petition. Whaley must obtain such an order before he may file another petition for habeas relief under § 2254.

**B. Sanctions**

Last, the Court will address Whaley's ongoing filing of repetitive, frivolous attacks on his state convictions and/or sentences. As discussed, the Fifth Circuit has imposed monetary sanctions on several occasions and a filing bar. However, Whaley eventually paid each monetary sanction imposed. As is evident with the

instant case, Whaley continues to file repetitive, frivolous attacks on his state convictions and sentences. When frivolous filings are received and addressed by a court, it impinges on the court's limited resources, and a court has a responsibility to ensure its resources are allocated in a manner to promote the interests of justice. *See Martin v. Dist. of Columbia Court of Appeals*, 506 U.S. 1, 3 (1992) (per curiam) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.") (quoting *In re McDonald*, 489 U.S. 180, 184 (1989) (per curiam)); *see also Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (review of a trial court's sanctions against vexatious or harassing litigants is addressed under the lenient abuse of discretion standard) (citing *Gelabert v. Lynaugh*, 894 F.2d 746, 747 (5th Cir. 1990) (per curiam)); *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986) (*Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.").

Considering the foregoing, the Court recommends sanctioning Whaley in the amount of $600.00 and barring him from filing any challenge to his state convictions and/or sentences until this sanction has been paid in full, unless he first obtains leave of court from the court in which he seeks to file such challenge. *See Goldgar v. Office of Administration*, 26 F.3d 32, 36 n.3 (5th Cir. 1994) ("A federal court may structure sanctions necessary or warranted to control its docket

8

and maintain the orderly administration of justice."). The Court recommends imposing yet another sanction, but in an increasing monetary amount, to discourage Whaley from filing additional frivolous attacks on his state convictions and sentences.

## Recommendation

The Court should TRANSFER Whaley's petition for writ of habeas corpus to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

The Court should also impose a $600.00 sanction against Whaley and bar him from filing any challenge to his state convictions and/or sentences until this sanction has been paid in full, unless he first obtains leave of court from the court in which he seeks to file such challenge.

**SO RECOMMENDED**

Signed August 26, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

9

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).